# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

CHAZ O. GULLEY,
          -Plaintiff


          v.                          CIVIL NO. 3:08-CV-492 (TPS)


WARDEN JAMES DZURENDA ET AL.
          -Defendants

## Ruling on Plaintiff's Motions to Amend Complaint and to Modify and Withdraw Subpoenas

The plaintiff, Chaz O. Gulley, appears before the court pro se. Gulley filed the instant lawsuit against Warden James Dzurenda, Lieutenant Michael Fraser, and four other correctional officers at the Garner Correctional Facility in Newtown, Connecticut, alleging violations of his rights under 42 U.S.C. §§ 1983, 1988, 28 U.S.C. §§ 1331, 1343(3), 1367(a), and the Eighth Amendment to the United States Constitution.  Gulley also brings supplemental state law claims of assault and battery against the defendants.  The essence of Gulley's complaint is that the defendants allegedly applied unreasonable force against him while he was incarcerated at Garner, resulting in a series of both physical and emotional injuries. Gulley now seeks compensatory and punitive damages, as well as attorney's fees and costs.  (Compl. ¶¶ 1-2, 4-10, 16-19.)

Pending before the court are two motions entitled: "Pro Se Plaintiff's Motion and Request to Amend/Complaint - Statement of

Facts Pursuant to Rule 15, F.R. Civ. Procedures" and "Pro Se
Plaintiff's Motion and Request to Modify and Withdraw Subpoenas for
Currently Named Witnesses for the Plaintiff." [Docs. ## 42, 43.]
For the reasons set forth below, the plaintiff's motions are **DENIED**.

## I.    Plaintiff's Motion to Amend Complaint

Gulley seeks to amend the statement of facts and allegations in
his complaint because the attorney who filed the complaint on his
behalf allegedly failed to include all the "essentials of the stated
facts." [Doc. # 42; Pl.'s Mot. Am. 1.] In his motion, however,
plaintiff fails to indicate which facts in the complaint that he
seeks to amend. Furthermore, plaintiff fails to attach a proposed
amended complaint to his motion. Instead, plaintiff simply informs
the court that he will need to conduct further discovery to secure
documents from the defendants, including a copy of all civil actions
filed against the defendants, any administrative complaints or
grievances filed against the defendants regarding the use of force
in any other prison incidents, and any memoranda or papers regarding
the defendants' completion of the requirements for continual
training certificates as set forth in the Administrative Directives.
Id. at 2.

The purpose of Federal Rule of Civil Procedure 15, which
generally allows a party to amend his or her pleading once as a
matter of course at any time before a responsive pleading is served,
is to "allow for liberal amendment in the interests of resolving

2

cases on the merits."   See 3 James Wm. Moore et al., Moore's Federal Practice ¶¶ 15.02[1] (3d ed. 2004) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)).  Because the defendants filed an answer to the complaint in September 2008, however, the plaintiff may amend the complaint only with the court's permission or the written consent of the defendants.   See 3 James Wm. Moore et al., Moore's Federal Practice ¶¶ 15.14[1] (3d ed. 2004) (citing Perrian v. O'Grady, 958 F.2d 192, 193-94 (7th Cir. 1992); Ford Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1379 (7th Cir. 1990)).  Although the ability to amend a pleading "is not automatic and requires court approval," the court should freely grant leave to amend when justice requires, absent a substantial reason to deny such leave.  Id. (citing Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995)).  Thus, the determination of whether to grant leave lies entirely within the court's discretion.   Id. (citing John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994)).

To obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading. See 3 James Wm. Moore et al., Moore's Federal Practice ¶¶ 15.17[1] (3d ed. 2004).  Failure to attach the proposed amendment or new pleading is not necessarily fatal to the party's motion, but it may result in the court denying leave to amend on the grounds that the court cannot evaluate the propriety of granting leave unless the court has had an opportunity to review the substance of the proposed

amendment.  Id. (citing Harris v. City of Auburn, 27 F.3d 1284, 1287 (7th Cir. 1994) (holding that in light of the requirement that the district court review the merits of the party's request for leave to amend, the party's failure to tender the amended complaint demonstrated a lack of diligence or good faith)).  Other courts have also held that a party's failure to submit a proposed amended complaint or a new pleading demonstrates a lack of good faith.  See State Trading Corp. of India Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) (imputing a lack of good faith to plaintiff in part because plaintiff "did not file a proposed amended complaint" when it sought leave to amend) (citing Twohy v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1197 (7th Cir. 1985)(noting that "normal procedure is for the proposed amendment or new pleading to be submitted" with the motion for leave to amend, and that failure to do so "indicates a lack of diligence and good faith")).

Even if the plaintiff had filed a proposed amended complaint with his motion, the Court would not be inclined to grant the motion at this point in the case.  The deadlines to complete discovery and to file motions for summary judgment expired on September 25, 2009. The parties have filed a Joint Trial Memorandum and participated in a pretrial conference.  Permitting the plaintiff to amend his complaint at this late date would unduly delay the action and prejudice the defendants.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (in deciding whether to grant leave to amend, the court

considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment).   Thus, for the reasons set forth above, the plaintiff's motion for leave to file an amended complaint is **DENIED.**

## II.   Plaintiff's Motion to Modify and Withdraw List of Witnesses

The plaintiff's motion to modify and withdraw the list of currently named witnesses contained in the Joint Trial Memorandum is **DENIED** without prejudice.   [Doc. # 43]   If the plaintiff seeks to withdraw some of the witnesses currently included on the list, or to add new witnesses, he should contact defendants' counsel to determine whether he would object to such revisions to the witness list.   If both parties agree to any changes to the witness list, they should then submit a Joint Witness List for Trial to be approved by the court.

## III. Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file an amended complaint [Doc. #42] is **DENIED** and the plaintiff's motion to modify and withdraw  subpoenas for currently named witnesses [Doc. # 43] **DENIED** without prejudice.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 17th day of February, 2010.**


**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**