**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**CHAZ O. GULLEY,**
    **- Plaintiff**

    **v.**                                    **CIVIL NO. 3:08-CV-492 (TPS)**

**JAMES DZURENDA ET AL,**
    **- Defendants.**

### Ruling on Pending Motions

Pending before the court are plaintiff's motions for interference and obstruction of justice and Rule 11 sanctions, for production of DVD video recordings served on defendants, and for appointment of counsel. For the reasons set forth below, the motions are **DENIED**.

### I. Motion for Interference, Obstruction of Justice, and Rule 11 Sanctions [Dkt. #55]

Plaintiff claims that "on July 22nd 2010 C.E.R.T. training procedures was taken by D.O.C. officials from the plaintiff with the permission of Assistant Attorney General Terrence O'Neill." Arguing that such conduct violated the attorney-client privilege, plaintiff asks this court to impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff asserts that doing so would "aid and assist 'pro se' plaintiff in his civil lawsuit against the defendants."

Rule 11 is designed to "deter frivolous claims and curb abuses of the legal system, thereby speeding up and reducing the costs of

litigation." Binghamton Masonic Temple v. Bares, 168 F.R.D. 121, 126 (N.D.N.Y. 1996)(internal citations omitted). Sanctions should be imposed with caution and only when a lawyer makes frivolous representations to the court that are unsupported by law and fact. Id. Rule 11 was not intended to "provide a mechanism for imposing sanctions for any and all improper conduct of a party or its counsel during the litigation." Associated Indem. Corp. v. Fairchild Indus., 138 F.R.D. 384, 389 (S.D.N.Y. 1991)(internal citations omitted). Put simply, the purpose of Rule is to discourage frivolous litigation, not to punish litigants. See Brown v. Pierce Mfg., 169 F.R.D. 118, 119 (E.D. Wis. 1996).

In this case, plaintiff has not presented any evidence that defendants' counsel made any frivolous claims or representations to the court that are unsupported by law and fact. Plaintiff has only argued, without presenting any evidence to support his contention, that D.O.C. officials confiscated C.E.R.T. training procedures (which plaintiff did not identify or explain for the court's edification) pursuant to permission allegedly given by Assistant Attorney General Terrence O'Neill. This allegation does not merit Rule 11 sanctions. Plaintiff's reference to the attorney-client privilege is unavailing because plaintiff is not represented by an attorney, as he makes clear in the instant motion for appointment of counsel. Without an attorney, there can be no attorney-client privilege. Consequently, the plaintiff's motion for interference,

2

obstruction of justice, and Rule 11 sanctions is DENIED.

## II. Motion for Production of DVD Recordings Served on Defendants [Dkt. #56]

Plaintiff requests that the defendants return "true and correct and complete copies of DVD video recordings." Plaintiff has enclosed an Inmate Request Form in which he indicated that prison officials will not permit him to access or view the videotapes "of this incident." A prison staff member identified only as "Rowen" responded that "the attorney general's office has been contacted in regard to the above [request]. The DVD's are being stored in the meantime until the AG's office provides feedback. You can have your attorney contact me directly if there are additional questions." Plaintiff also enclosed an "Inmate Administrative Remedy Form" in which he requested access to the aforementioned video tapes. This, too, was denied. On June 16, 2010, Warden Powers replied that plaintiff's grievance regarding legal access is denied and that the "DVD's will be returned to the sending attorney's office."

This motion appears to be a request for production in which the plaintiff seeks access to certain video tapes that the defendants possess. Rule 34 of the Federal Rules of Civil Procedure generally permits this type of production request, but Rule 26(b)(2)(C) dictates that the Court must limit the frequency of discovery if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the

3

action." The initial discovery deadline in this case was May 15, 2009, and was subsequently extended to September 1, 2009. See dkt. #26. The deadline for discovery, therefore, expired over 11 months before plaintiff filed this motion. Because the plaintiff had ample opportunity with his former counsel to request the return of these videos during discovery, the plaintiff's motion is DENIED as untimely.

**III. Motion to Appoint Counsel**

Plaintiff seeks the appointment of *pro bono* counsel. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). Plaintiff has twice failed to sufficiently demonstrate his inability to obtain counsel, which resulted in the court's denial of his two previous motions for appointment of counsel. See dkts. ## 46, 49.

Regarding the instant motion, the plaintiff has made a somewhat stronger showing. Plaintiff has once again attached a letter from Beck & Eldergill, P.C., in which Kathleen Eldergill declined the opportunity to represent plaintiff. Plaintiff has also enclosed a similar declination from Rowena A. Moffett at Brenner, Saltzman & Wallman LLP. Furthermore, plaintiff wrote letters in early March 2010 requesting legal representation from John R. Williams & Associates and McCarter & English, LLP, but

4

asserts that he did not receive a response from either firm. Finally, plaintiff contacted the Inmates Legal Assistance Program ("ILAP") requesting legal assistance with the instant case. On May 4, 2010, attorney Jessica J. York replied to plaintiff and indicated that "ILAP does not represent inmates before any court or administrative body. Therefore, ILAP will not file an appearance in your case. However, ILAP can assist you in all aspects of your case, . . . , where ILAP has determined that a case meets *prima facie* standards."

According to attorney York, plaintiff did not provide ILAP with a copy of the complaint, any specific details regarding his case, or any documents filed with or received from the court. Because plaintiff failed to provide ILAP with these items, as well as any documentation relating to the incident underlying the plaintiff's complaint, ILAP is not currently in a position to assist the plaintiff with advancing his lawsuit. However, ILAP appears willing and able to provide helpful legal assistance once it receives sufficient materials from the plaintiff. The possibility that plaintiff could provide such materials and receive legal assistance from ILAP precludes appointment of counsel by the court at this time. The motion for appointment of counsel is therefore denied without prejudice. Any renewal of this motion shall be accompanied by the plaintiff's explanation of how and why ILAP was unable to provide legal assistance.

5

## Conclusion

Plaintiff's motions for production of DVD video recordings and for interference, obstruction of justice, and Rule 11 sanctions are **DENIED**. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut, this 27th day of August, 2010.

<pre>
                                /s/ Thomas P. Smith
                                Thomas P. Smith
                                United States Magistrate Judge
</pre>